**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-1996

L B J ENERGY, INC.; LIBERTY MUTUAL INSURANCE COMPANY,

Petitioners,

v.

BRENDA DUTY, on behalf of James Duty; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

Respondents.

On Petition for Review of an Order of the Benefits Review Board (16-266-BLA)

Argued: May 8, 2019                    Decided: June 12, 2019

Before KING, DIAZ, and QUATTLEBAUM, Circuit Judges.

Petition for review denied by unpublished per curiam opinion.

**ARGUED:** Catherine Ardra Karczmarczyk, PENN, STUART & ESKRIDGE, Abingdon, Virginia, for Petitioners. Brad A. Austin, WOLFE WILLIAMS & REYNOLDS, Norton, Virginia, for Respondents. **ON BRIEF:** John R. Sigmond, PENN, STUART & ESKRIDGE, Bristol, Tennessee, for Petitioners. Joseph E. Wolfe, Victoria S. Herman, WOLFE WILLIAMS & REYNOLDS, Norton, Virginia, for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

LBJ Energy, Inc., and its insurance carrier, Liberty Mutual Insurance Company (colletively, "LBJ Energy"), petition for review of the July 5, 2018 order of the Benefits Review Board (the "BRB") denying en banc reconsideration of its April 27, 2017 decision concerning the black lung benefits claim of James E. Duty, a former Virginia coal miner. The BRB's April 27, 2017 decision affirmed the February 23, 2016 decision of an administrative law judge (the "ALJ") awarding benefits to Duty.[*] In arguing that the BRB improperly affirmed the award of benefits, LBJ Energy contends that the ALJ's decision was not supported by substantial evidence with respect to the following: Duty's length of coal mine employment; his smoking history; the weighing of the lung biopsy reports; and the weighing of other medical opinions regarding the existence of pneumoconiosis.

We review an ALJ's decision that has been affirmed by the BRB to assess "whether it is in accordance with the law and supported by substantial evidence." *See E. Associated Coal Corp. v. Dir., Office of Workers' Comp. Programs*, 805 F.3d 502, 510 (4th Cir. 2015). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *See Westmoreland Coal Co. v. Cochran*, 718 F.3d 319, 322 (4th Cir. 2013) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). As we have explained, substantial evidence

---

[*] Although Duty was a party to the proceedings before the ALJ and the BRB, his widow, Brenda Duty, is now pursuing the claim on his behalf.

"requires more than a mere scintilla but less than a preponderance." *See Ceres Marine Terminals, Inc. v. Green*, 656 F.3d 235, 239 (4th Cir. 2011) (internal quotation marks omitted).

Having thoroughly reviewed the record and carefully considered the briefs and arguments of the parties, we are satisfied that the ALJ's decision is supported by substantial evidence. We therefore deny the petition for review and uphold the award of black lung benefits.

*PETITION FOR REVIEW DENIED*